## Ignatius Marous v. Annie Marous.

1. DIVORCE—*Drunkenness as a Ground—What is Sufficient Proof.*— Where the charge of drunkenness is supported by a number of witnesses, who state that the defendant was in the habit of becoming intoxicated from one to three times a week, that his habits of drinking cover a period of four or five years preceding the hearing, and that he was in the habit of drinking intoxicating liquor, generally whisky, on an average of three to five times a day, it is sufficient as a ground for divorce.

2. SAME—*Proof of Adultery—*The fact of adultery can seldom, if ever, be proved by direct evidence. It has therefore been almost invariably held that when the facts and circumstances in evidence lead to that conclusion as reasonable and just, the court and jury will be justified in finding the charge sustained.

**Bill for Divorce.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed January 16, 1900.

JOEL W. STEVENS, attorney for appellant.

BANGS, WOOD & BANGS, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a decree granting appellee a divorce upon the ground of adultery, and awarding her the care, custody and education of the only child of the parties, together with alimony and solicitor's fee.

No complaint is made as to the amount of such alimony and fees, but it is contended that the evidence does not warrant any decree against appellant.

The bill charges habitual drunkenness for more than two years last preceding, and also the commission of adultery.

After a careful examination of the evidence we can not avoid the conclusion that the decree must be affirmed.

While the trial court did not expressly find the charge of habitual drunkenness sustained, that question is argued at length by counsel for both parties, and it has perhaps some connection with the evidence tending to support the additional cause of complaint, as alleged in the bill. The charge of drunkenness is supported by a number of witnesses, who state that appellant was in the habit of becoming intoxicated from one to three times a week, that his habits of drinking cover a period of four or five years preceding the hearing, and that he was in the habit of drinking intoxicating liquor, generally whisky, on an average, from three to five times a day. Appellee states that from June, 1895, to June 14, 1898, appellant " came home intoxicated on an average of once a week;" that he was sometimes too drunk to attend to business, and would then stay at home and sleep all day; and that he sometimes remained away two nights at a time, returning with clothes soiled and necktie torn. This

testimony certainly tends to show what would ordinarily be regarded at least as a condition indicating an excessive use of intoxicating liquors.

Appellant denies that he is or has been habitually drunk, but states that he is in the habit of going out and taking a drink of intoxicating liquor whenever he feels like it; that it has been his practice to go and take a drink, or sometimes a cigar, with his customers, and that such is the habit of the shop.

His counsel called a considerable number of witnesses, who testify that while appellant would occasionally take a drink, they never saw him under the influence of liquor, although in the habit of meeting him on business or otherwise quite frequently. Most of them had occasionally taken a drink with him or seen him do so, but state that they never saw him drunk.

The only witness who testifies to any act of adultery is a brother-in-law of appellant, who states that he went with appellant, on one occasion, when they had both been drinking, to a place of ill-fame, and that appellant left the room, going with one of the female inmates to a separate apartment, while the witness went in like manner with another inmate. He says they had been going about to various places, drinking more or less, and that both were, at the time, under the influence of liquor. Appellant admits going to the place in question and drinking with lewd women, but denies that he retired to a private room with any of the inmates. He says that he stayed down stairs with the bartender, and, while waiting for his companion to come down, took a walk around the block; that he came back and sent up for his companion, and they then left.

There is thus direct conflict between the two as to the main fact. The trial court, having seen and heard the witnesses, was in a better situation to ascertain the truth than we can possibly be sitting as a court of review, with only the transcript of their testimony before us. Calvert v. Carpenter, 96 Ill. 67.

The testimony discloses a situation in which the pre-

sumptions are not in favor of appellant. He admits having been at the place and in company with its disreputable female inmates. The fact of adultery can seldom, if ever, be proved by direct evidence. It has therefore been almost invariably held that when the facts and circumstances in evidence lead to that conclusion as reasonable and just, the court and jury will be justified in finding the charge sustained. Cooke v. Cooke, 152 Ill. 286, and cases cited.

We are of opinion that the judgment of the Circuit Court must be affirmed.